## William Reichert, Jr., Administrator, Appellant, v. Chi= cago City Railway Company, Appellee.

## Gen. No. 15,992.

NEGLIGENCE—*what essential to recovery.*   An accident, no matter how unfortunate, cannot be made the basis of a recovery unless shown to have resulted in whole or in part from the negligence of the defendant averred and proved.

Action in case for death caused by alleged wrongful act.   Appeal from the Superior Court of Cook county; the HON. WILLARD M. McEWEN, Judge, presiding.   Heard in this court at the October term, 1909.   Affirmed.   Opinion filed February 5, 1912.

ALBERT H. MEADS, for appellant; LESLIE J. AYER, of counsel.

WILLIAM ROTHMANN and WATSON J. FERRY, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This was an action brought to recover damages for the death of Hubert Reichert, a boy between thirteen and fourteen years of age.   At the close of the plaintiff's evidence the court upon motion of the defendant instructed the jury to find the defendant not guilty.

The declaration consisted of one count.   The negligence therein charged was the careless and negligent driving and managing of defendant's car.   At about five thirty in the afternoon of November 28, 1907, the decedent with two other boys, Edward Burkhart and Paul Krohn, the only witnesses called to testify to the accident, were on the west side of Halsted street 25 to 50 feet north of Fifty-second street.   The decedent and Edward started to cross the street to go to a five cent theatre.   Edward testified in substance per-

taining to the accident, that he started across the street first and Hubert was following him, but how far behind him he did not know; that he walked to the middle of the street and then ran across in front of a supply car coming north on the east street car track; that he did not look around after he started across the street until he got on the sidewalk on the east side of the street; that he then looked around and saw a south-bound car had stopped and he went over to the car. As to Hubert he said: ''When I got over there I didn't know where he was until I found that he had been struck by the car.''

Paul Krohn testified in substance pertaining to the accident, that he was standing on the curb when the boys started across the street; that Edward first started across the street and was on the west track, the south-bound track, when Hubert started to cross; Edward ran across about ten feet ahead of the supply car going north on the east track; Hubert stopped on the west track waiting for the supply car to pass; that he, Paul, looked north and saw the south-bound car at 51st place; that he thereupon ''hollered'' at Hubert; Hubert started to run south out of the track and the car struck him in the back; in the language of the witness, ''He didn't have no chance at all''; the decedent was struck by the south-bound car before the north-bound car had passed him; the cars were going about the same rate of speed, which he thought was eleven or twelve miles an hour; the south-bound car stopped about twenty feet, or half a car length, after striking Hubert; it was not very dark; he could see Edward crossing the street and Hubert out on the street.

The decedent and the said two witnesses lived in the neighborhood and were familiar with the street and operation of the cars thereon. Hubert, being behind Edward, evidently thought he should not attempt to pass in front of the north-bound car and waited for it to pass. Had he attempted to cross in front of

it and been thereby injured, he would, under the circumstances, have been guilty of contributory negligence. In avoiding that car he stopped, waiting for it to pass. Was he, at that age, under all the circumstances, guilty of contributory negligence? Whatever answer may be made to that question we are of the opinion that there is no proof of defendant's negligence as charged.

The testimony of Paul that the cars were going at about the same rate of speed; that Hubert was struck by the south-bound car before the north-bound car had passed him; that Edward was ahead of him and crossed about ten feet in front of the north-bound car, is uncontradicted. If this testimony be true, and it must be so considered, it follows that Hubert stopped in front of the south-bound car when it was within a very short distance from him. If the cars were going at the same rate of speed and Edward crossed ten feet ahead of the north-bound car, and the south-bound car struck Hubert, who was behind Edward, before the north-bound car passed him, then, the car being about forty feet long, Hubert must have stepped on the south-bound track when the south-bound car was less than fifty feet from him. Edward looked around when he was on the east sidewalk and saw that the south-bound car had then stopped. This proof, with the other evidence, is conclusive that the accident happened within a very short period of time, and that the decedent must have gone in front of the south-bound car within a very short distance thereof. There is no proof whatever of what the motorman was doing, how far he could have seen the decedent, any circumstances that should have warned him that decedent was going to step upon the track between street crossings, and there stop, or that he could, by the use of all possible means at his command, have stopped the car more quickly than he did. It was, of course, a most unfortunate accident, but we are of the opinion there was no

evidence tending to prove the negligence charged against the defendant. The court therefore did not err in instructing the jury to find for the defendant.

The judgment is affirmed.

*Affirmed.*